# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RONALD SMITH, JASON LLOYD, DAVID KACZKOWSKI, TERRI ALBRIGHT, | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 15 cv 4737<br>)<br>) Judge Sharon Johnson Coleman |
| DUPAGE COUNTY SHERIFF, and DUPAGE COUNTY, | )<br>)<br>) |
| Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Plaintiffs Ronald Smith, Kason Lloyd, David Kaczkowski, and Terri Albright, filed a four count complaint, alleging that the DuPage County Sheriff failed to provide a reasonable accommodation under the American Disabilities Act ("ADA"); that defendants violated the Public Employee Disability Act ("PEDA") for failing to pay plaintiffs' health insurance; that defendants are responsible for attorneys' fees under the Attorneys' Fees in Wage Actions Act ("Attorneys' Fees Act"); and that DuPage County is indemnified in the event of a judgment against the Sheriff. Defendants move to dismiss the complaint [8] for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated herein, the motion is granted in part and denied in part.

**Background**

Plaintiffs, Ronald Smith, Jason Lloyd, David Kaczkowski, and Terri Albright, each worked as DuPage County Deputy Sheriffs. (Dkt. 1, Compl. at ¶¶ 4-7). Plaintiffs allege that defendants failed to reasonably accommodate their disabilities resulting from on-duty injuries in violation of the ADA, 28 U.S.C. § 12112. Lloyd, Kaczkowski, and Albright also allege that defendants violated PEDA, 5 ILCS 345/1, by discontinuing their health insurance benefits.

1

Smith was diagnosed with sciatica in July 2013, and further injured his back in March 2014. (*Id.* at ¶¶ 10, 14). These injuries left Smith unable to perform regular duties of a patrol deputy, but he could perform light duty assignments. (*Id.* at ¶¶ 15, 16). Smith requested and was rejected for light duty assignment. (*Id.* at ¶17). Smith also requested a larger patrol vehicle, which was available, but the Sheriff denied the request. (*Id.* at ¶13). In October 2014, two months after Smith was cleared to work again, he injured his foot. (*Id.* at ¶22). Smith was again cleared for light duty, but his request for an assignment was rejected. (*Id.* at ¶23). Each time Smith went on medical leave, the Sheriff discontinued his health insurance benefits. Smith has not worked since October 2014 nor has he received health benefits since that time. (*Id.* at ¶27).

In January of 2012, Lloyd tore the labrum in his hip when he was hit by another deputy's car. (*Id.* at ¶28). Lloyd further tore his labrum when he slipped on ice in the course of his duties, responding to a traffic accident. (*Id.* at ¶30). In January of 2014, Lloyd was cleared for light duty assignment, which was denied by the Sheriff. (*Id.* at ¶35). The Sheriff stopped paying for Mr. Lloyd's health insurance benefits on June 1, 2014. (*Id.* at ¶31). Mr. Lloyd has not worked since January 2014 nor has he received health benefits since June 2014. (*Id.* ¶31).

Kaczkowski slipped on ice in March 2014, while brushing snow off his car, causing an injury to his back that required surgery. (*Id.* at ¶¶37-38). In April 2014, Kaczkowski was cleared for light duty assignment, which the Sheriff denied. (*Id.* at ¶¶42-43). The Sheriff stopped paying for Kaczkowski's health insurance benefits in June 2014. (*Id.* at ¶40). Kaczkowski has not worked since March 2014 and he has not received health insurance benefits since June 2014. (*Id.* at ¶44).

Albright injured her wrist while escorting an arrestee in August 2013. (*Id.* at ¶46). She has been on medical leave since the injury and has had four surgeries to fix her wrist. (*Id.* at ¶¶48, 50). The Sheriff rejected Albright's request for a light duty assignment. (*Id.* at ¶52-53). The Sheriff

stopped paying for Albright's health insurance in June of 2014. (*Id.* at ¶49). Albright has not worked nor has she received health benefits since June 2014. (*Id.* at ¶54).

The Complaint also alleges that when the Sheriff denied plaintiffs' requests for light duty assignments, such assignments were available in the Sheriff's radio room, the records room, and the information desk at the courthouse. (*Id.* at ¶¶17, 26, 35, 43, 53).

**Legal Standard**

In order to survive a motion to dismiss pursuant to Rule 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Rule 8(a)(2) sets forth the minimum pleading requirements of "a short and plain statement of the claim showing that the pleader is entitled to relief….to give the defendant fair notice of what the …claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting Fed. R. Civ. P. 8(a)(2)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). When reviewing a motion to dismiss the court must accept all well-pleaded factual allegations in the complaint as true, and draw all reasonable inferences in the plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Pisciotta v. Old Nat. Bancorp*, 449 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

Defendants move to dismiss counts I to III for failure to state a claim and to dismiss count IV as moot. Specifically, defendants argue with respect to Count I that plaintiffs cannot state a *prima facie* case for failure to accommodate under the ADA because plaintiffs concede that they can no longer perform the essential duties of a Sheriff's Deputy. On Count II, defendants assert that the Public Employee Disability Act does not mandate that defendants pay for plaintiffs' health

3

insurance. Defendants assert that plaintiffs have not stated a claim in Count III for attorney's fees under the Wage Actions Act because they are not seeking unpaid wages. As to Count IV, defendants do not dispute that DuPage County would indemnify the Sheriff if the Sheriff is found liable, but contend that Count IV is moot since there is no basis of liability in the complaint. The Court will address each claim in turn.

*1. Count I – Failure to Accommodate a Disability*

Plaintiffs allege that defendants failed to reasonably accommodate each of their disabilities by transferring them to light duty. Defendants assert that plaintiffs have pled themselves out of court by conceding that they can no longer perform the essential functions of a Sheriff's deputy. To state a *prima facie* case for failure to accommodate under the ADA, "a plaintiff must show that (1) he is qualified individual with a disability; (2) the employer was aware of her disability; and (3) the employer failed to reasonably accommodate the disability." *Cloe v. City of Indianapolis*, 712 F.3d 1171, 1176 (7th Cir. 2013) (citing *Kotwica v. Rose Packing Co.*, 637 F.3d 744, 747-48 (7th Cir. 2011)). There is no dispute that plaintiffs are disabled within the meaning of the ADA or that the Sheriff was aware of each of their disabilities. The question here is whether plaintiffs have adequately alleged that they are qualified individuals and that the Sheriff failed to reasonably accommodate their disabilities.

In determining whether an employee is a "qualified individual" within the meaning of the ADA, the Seventh Circuit uses a two-step test: (1) whether the individual satisfies the prerequisites for the position, and if so, (2) whether or not the individual can perform the essential functions of the position held, with or without reasonable accommodation. *Stern v. St. Anthony's Health Ctr.*, 788 F.3d 276, 285 (7th Cir. 2015); 42 U.S.C. §12111(8); *see also Brumfield v. City of Chicago*, 735 F.3d 619, 631 (7th Cir. 2013). Defendants do not dispute that plaintiffs in this case meet the first requirement. (Dkt. 8 at 3). Defendants argue that plaintiffs admit that they are unable to perform the essential

4

functions of a patrol deputy and for plaintiffs to return to work with the DuPage County Sheriff it would have the effect of creating a new position.

Defendants rely on *Miller v. Illinois Department of Corrections*, 107 F. 3d 483 (7th Cir. 1997), to support their argument that the DuPage County Sheriff is not required to create a new job to enable them to return to work. *Miller* is inapposite. In that case, the court was ruling on a motion for summary judgment rather than a motion to dismiss and thus the merits of Miller's claim were under consideration. *Id.* at 484. Furthermore, in *Miller*, the plaintiff had lost a significant portion of her vision and had not identified any position apart from correctional officer, which she could perform. *Id.* at 485. The evidence there also demonstrated that Miller was unable to perform the long list of duties specified by the Department of Corrections for a correctional officer. *Id.* The Seventh Circuit affirmed the district court's granting of summary judgment because the undisputed evidence demonstrated that Miller was unable to perform the essential duties of a correctional officer. *Id.*

No such developed record exists here and a motion to dismiss is not to decide the merits of a claim. In this case, plaintiffs allege that they each have been cleared for "light duty assignments." Absent a showing of undue hardship, an employer must reasonably accommodate a disabled employee through appointment to a vacant position. *EEOC v. United Airlines, Inc.*, 693 F.3d 760, 764 (7th Cir. 2012). "Typically, the burden of 'exploring' reasonable accommodation lies with the employer" although "[i]t is the plaintiff's burden to show that a vacant position exists for which she was qualified." *Jackson v. City of Chicago*, 414 F.3d 806, 813 (7th Cir. 2005). Plaintiffs here allege that there were vacant positions for which they were qualified, including in the radio room, records, or information desk at the courthouse. (Dkt. 1 at ¶¶ 26, 35, 43, 53). Plaintiffs have also alleged that the Sheriff failed to reasonably accommodate their disabilities by refusing to transfer them to a light duty assignments. Accordingly, this Court finds that plaintiffs have stated a claim under the ADA.

5

*2. Count II – Public Employees Disability Act, 5 ILCS 345/1(b)*

In Count II, plaintiffs are seeking continuation of their health insurance benefits through the Public Employees Disability Act ("PEDA"), 5 ILCS 345/1(b). Defendants argue that PEDA does not provide for "benefits," but rather only provides for compensation or pay on the same basis as an employee was paid prior to being injured in the line of duty.

PEDA states in relevant part that "whenever an employee suffers an injury in the line of duty which causes him to be unable to perform his duties, he shall continue to be paid by [his employer] on the same basis as he was paid before the injury…during the time he is unable to perform his duties due to the result of the injury, but not longer than one year in relation to the same injury." 5 ILCS 345/1(b). Plaintiffs urge this Court to include medical insurance under the rubric of "pay." "[I]n determining the content of state law, the federal courts must assume the perspective of the highest court in that state and attempt to ascertain the governing substantive law on the point in question." *Allstate Ins. Co. v. Menards, Inc.*, 285 F.3d 630, 637 (7th Cir. 2002).

The Illinois courts have not interpreted this portion of the statute. However, this Court cannot say that "paid" in this instance is ambiguous, and the cases that have awarded compensation under PEDA all refer to pay or salary. *See Richter v. Village of Oak Brook*, 958 N.E. 2d 700, 712 (Ill. App. Ct. 2d Dist. 2011) ("Section 1(b) of PEDA provides that a public employee such as a firefighter who is injured in the line of duty is entitled to collect his or her full salary"); *Albee v. City of Bloomington*, 849 N.E. 2d 1094, 1096 (4th Dist. 2006)(the City argued it was only required "to pay the officers' salaries" for one-year under the disability act); *Swanson v. The Village of Lake in the Hills*, 598 N.E. 2d 430, 433 (Ill. App. Ct. 2d Dist. 1992)(the plaintiff was seeking "disability pay" and the "salary that they agreed to pay"). PEDA was enacted to "provide for a continuation of full pay for law[-]enforcement officers…who suffer disabling injuries in the line of duty." *Albee*, 849 N.E. 2d at 1097 (citing *Gibbs v. Madison Count. Sherriff's Dep't*, 326 Ill. App. 3d 473, 477 (2001)).

6

In this instance, plaintiffs are not seeking salary but only health insurance under PEDA. This Court understands plaintiffs' position, claiming that their health insurance is part of their compensation. Since there is no express provision for such benefits and no Illinois court has interpreted the meaning of "paid by [his employer] on the same basis" to allow for recovery of health insurance, this Court is unable to find that plaintiffs have stated a claim for such relief. Therefore, Count II is dismissed without prejudice.

*3. Count III – Attorneys' Fees under Wage Actions Act, 705 ILCS 225/1*

In Count III, plaintiffs allege that they made a demand to defendants for $250 per day for health insurance premiums due and owing and thus seek attorneys' fees under the Wage Actions Act. Defendants move to dismiss Count III on the basis that plaintiffs have not filed an action for unpaid wages within the meaning of the Act and therefore they are not entitled to attorneys' fees. The Act provides that

> [An] employee [who] brings an action for wages earned and due and owing according to the terms of the employment, and establishes by the decision of the court or jury that the amount for which he or she has brought the action is justly due and owing, and that a demand was made in writing at least 3 days before the action was brought, for a sum not exceeding the amount so found due and owing, then the court shall allow to the plaintiff a reasonable attorney fee of not less than $ 10, in addition to the amount found due and owing for wages, to be taxed as costs of the action. 705 ILCS 225/1

The Illinois Appellate Court, Second District, recently held that "health insurance benefits under the Wage Actions Act do not qualify as 'wages earned and due and owing according to the terms of employment' as they are not payments to an employee for services rendered." *Bremer v. City of Rockford*, 2015 IL App (2d) 130920, P59 (Ill. App. Ct. 2d Dist. 2015). *Bremer*, however, is not exactly on point since the Court was considering post-employment insurance benefits under the Public Safety Employee Benefits Act, 820 ILCS 320/1 *et seq. See Bremer*, 2015 IL App (2d) 130920, *P59-60. Plaintiffs distinguish *Bremer* on this point and rely on *Affetto v. TRW, Inc.*, which held that a suit to establish entitlement to insurance benefits was a suit for wages and attorneys' fees could be awarded.

7

*Affetto v. TRW, Inc.*, 691 F.2d 357, 362 (7th Cir. 1982). However, the plaintiffs in *Affetto* were also seeking "post-employment" insurance benefits since they were retirement insurance benefits. *Id.* Accordingly, this Court finds that *Affetto* is not instructive and this Court is, again, without authority to conclude that health insurance benefits are wages due and owing. Count III is dismissed without prejudice.

*4. Count IV – Indemnification*

Defendants move to dismiss Count IV for the sole reason that they believe there is no basis for liability for DuPage County and therefore no basis for indemnification. Since this Court has denied defendants' motion to dismiss Count I, a basis for liability against DuPage County may ultimately be found once the Court reaches the merits of the claim. Therefore, this Court denies defendants' motion to dismiss Count IV.

**Conclusion**

Based on the discussion contained herein, defendants' motion to dismiss [8] is granted in part and denied in part.

IT IS SO ORDERED.

Date: February 9, 2016

Entered: _____
SHARON JOHNSON COLEMAN
United States District Judge