**UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RONALD SMITH, JASON LLOYD, DAVID KACZKOWSKI, and TERRI ALBRIGHT, | ) ) ) | |
| Plaintiffs, | ) ) ) | Case No. 15 cv 4737 |
| v. | ) ) | Judge Sharon Johnson Coleman |
| DUPAGE COUNTY SHERIFF and COUNTY OF DUPAGE, | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs, Ronald Smith, Jason Lloyd, David Kaczkowski, and Terri Albright, filed a four-count complaint against DuPage County and the DuPage County Sheriff's Department, stemming from their employment as DuPage County Sheriff's Deputies. This Court dismissed Counts II-IV. Plaintiffs now move for summary judgment [43] on the issue of liability on Count I, arguing that there is no genuine issue of material fact on the defendants' failure to reasonably accommodate their disabilities in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12112 *et seq*. Defendants also move for summary judgment [39]. For the reasons stated below, this Court denies both motions.

**Background**

The following facts are taken from the parties' Local Rule 56.1 statements of material fact. The plaintiffs are all employed as deputy sheriffs with the DuPage County Sheriff's Department. (Dkt. 48, Defs. Resp. to Pls. LR 56.1 Statement of Facts, at ¶ 1). Each plaintiff experienced some sort of work related injury.

Plaintiff Ronald Smith injured his back while responding to a traffic incident on March 13, 2014. (*Id.* at ¶ 4). The injury aggravated a pre-existing back condition, and it kept him from working

1

as a full-time patrol officer until August 27, 2014. (Dkt. 48 ¶ 5). Smith was diagnosed with sacroiliitis.[1] (Dkt. 57, Pls. Resp. to Defs. LR 56.1 Statement of Facts, at ¶ 51). Two months after Smith returned as a full-duty patrol officer, he injured his foot at work. (Dkt. 48 ¶ 6). Smith informed his supervisor that his doctor restricted him to jobs involving minimal walking. (*Id.*). Smith e-mailed his supervisor requesting light duty positions, but he never received a response to the request. (*Id.* at ¶ 8). Smith did not return as a full-duty patrol officer until September 2015. (*Id.* at ¶ 6).

Plaintiff Jason Lloyd slipped on ice while responding to a traffic accident on January 10, 2014. (*Id.* at 10). As a result of the fall, Lloyd suffered a head and back injury, and tore the labrum in his hip. (Dkt. 48 ¶ 10; Dkt. 57 ¶ 39). Lloyd's doctors would not release him to work full duty until his labrum was surgically repaired. (Dkt. 48 ¶ 11). On May 20, 2014, Lloyd's doctor released him to work in a light duty position, and he requested work in a light duty capacity. (Dkt. 48 ¶ 11; Dkt. 57 ¶ 41). In November of 2015, Lloyd returned to work in a light duty capacity. (Dkt. 57 ¶ 40). On October 4, 2016, Lloyd returned to full-duty work as a Sheriff's patrol deputy. (Dkt. 57-3 ¶ 5).

Plaintiff David Kaczkowski slipped on ice while on duty and suffered a back injury on March 13, 2014. (Dkt. 48 ¶ 18). On April 21, 2014, Kaczkowski's physician released him for light duty, and he made requests for a light duty assignment. (Dkt. 57 ¶ 23; Dkt. 48 ¶ 21). In November of 2015, he was assigned to a light duty position in the Warrant Call Center. (Dkt. 57 ¶ 25). On June 10, 2016, Kaczkowski returned to work as a full-duty Sheriff's patrol deputy. (Dkt. 57-1 ¶ 4).

Plaintiff Terri Albright injured her arm and wrist on August 5, 2013 when she attempted to remove an individual from a house after responding to a domestic disturbance call. (Dkt. 57 ¶ 4). After her injury, Albright requested light duty assignments. (*Id.* at ¶ 7). Albright returned to work

---

[1] Sacroiliitis is an inflammation of the joints connecting the lower spine and pelvis. Sacroiliitis can cause pain in the buttocks or lower back, and can extend down one or both legs. Prolonged standing or stair climbing can worsen the pain. www.mayoclinic.org/diseases-conditions/sacroiliitis/home/ovc-20166357 (last visited June 1, 2017).

full-time in a light duty position on November 9, 2015, in the Warrant Call Center. (*Id.* at ¶ 10; Dkt. 48 ¶ 33). On July 2, 2016, Albright returned to work as a full-duty Sheriff's patrol deputy. (Dkt. 57-2 ¶ 4).

Plaintiffs Albright, Kaczkowski, and Lloyd each received a full-year regular salary according to the Public Employees Disability Act ("PEDA") for the first year that they were on leave. (Dkt. 57 at ¶¶ 11, 29, 45). After their first year on leave and up until they returned to full-time work in a light duty capacity, Albright and Kaczkowski each received total temporary disability ("TTD") payments pursuant to their individual worker's compensation claims. (*Id.* at ¶¶ 12, 30). TTD payments equal two-thirds of an employee's salary without withholding taxes and pension contributions. (*Id.* at ¶ 31). Lloyd did not receive TTD payments until his worker's compensation arbitrator ordered the benefits to be paid. (Dkt. 57-3 ¶ 4). Smith received his full salary pursuant to PEDA for his first period of medical leave between March 13, 2014, and August 27, 2014. (Dkt. 53 ¶ 55). During his second period of medical leave from October 31, 2014, to mid-September 2015, Smith received workers' compensation. (Dkt. 53 ¶ 61).

The Sheriff's Office is bound by a DuPage County policy which states that if an employee is off work after using twelve weeks of Family Medical Leave, then the employee is responsible for their entire health insurance premium. (Dkt. 57 ¶ 68). All of the plaintiffs had to change their insurance plans and pay higher premiums as a result of the policy. (*Id.* at ¶¶ 19, 33, 48, 55, 61).

Throughout this time, the Sheriff's Office believed that each plaintiff's disability was temporary and that they would return to full-duty as deputies after physician approval. (*Id.* at ¶ 71). The Sheriff maintained the plaintiffs' position and seniority while they were on medical leave. (*Id.* at ¶ 75).

**Legal Standard**

Summary judgment is proper when "the admissible evidence shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *McGreal v. Vill. of Orland Park*, 850 F.3d 308, 312 (7th Cir. 2017), *reh'g denied* (Mar. 27, 2017) (quoting *Hanover Ins. Co. v. N. Bldg. Co.*, 751 F.3d 788, 791 (7th Cir. 2014)); Fed. R. Civ. P. 56(a). In deciding whether summary judgment is appropriate, this Court accepts the nonmoving party's evidence as true and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 244, 106 S. Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).

"A court is not required to grant summary judgment as a matter of law for either side when faced with cross-motions for summary judgment. Rather, the court is to evaluate each motion on its merits, resolving factual uncertainties and drawing all reasonable inferences against the movant." *Crespo v. Unum Life Ins. Co. of Am.*, 294 F. Supp. 2d 980, 991 (N.D. Ill. 2003) (internal citations omitted) (Denlow, M.J.).

**Discussion**

Defendants move for summary judgment asserting that there is no genuine issue of material fact that DuPage County reasonably accommodated the plaintiffs' disabilities through paid medical leave. Plaintiffs move for summary judgment on liability, arguing that the defendants failed as a matter of law to provide them with reasonable accommodations during their temporary period of disability. In particular, plaintiffs assert that there were vacant positions available for which they were qualified and the defendants refused to place the plaintiffs in those positions.

The ADA prohibits discrimination against a qualified individual on the basis of disability. 42 U.S.C. § 12112(a) (2009). Discrimination under the ADA includes the failure to reasonably accommodate "the known physical or mental limitations of an otherwise qualified individual with a disability...unless such covered entity can demonstrate that the accommodation would impose an

undue hardship on the operation of the business...." § 12112(b)(5)(A). Further, the ADA defines "reasonable accommodation" as including "job restructuring, part-time or modified work schedules, reassignment to a vacant position." § 12111(9).

To prevail on a failure to reasonably accommodate claim under the ADA: (1) the plaintiffs must be qualified individuals with a disability; (2) the DuPage County Sheriff, as employer, must be aware of the plaintiffs' disability; and (3) the employer must have failed to reasonably accommodate the disability. *Brumfield v. City of Chicago,* 735 F.3d 619, 631 (7th Cir. 2013).

First, the parties dispute whether the plaintiffs were disabled for purposes of the ADA. An individual is considered to have a disability under the ADA if (1) he has an impairment that substantially limits one or more of his major life activities; (2) he has a record of the impairment; or (3) his employer regards him as having such impairment. *See* 42 U.S.C. § 12102(2).

Here, the parties only argue the first possible means for establishing a disability. After injuring his foot, Smith's physician restricted him to minimal walking and to lifting of no more than ten pounds. After his injury, Lloyd was also restricted to lifting a maximum of ten pounds and was unable to bend, stoop, or climb. Kaczkowski had various limitations on the amount of weight he was allowed to lift; from ten to twenty-five pounds, at various times during his leave. He was also was restricted from bending and twisting, from April, 2014 through October, 2015. Albright had restrictions limiting her from pushing, pulling or grasping more than five pounds.

Prior to the 2008 amendment to the ADA, the Seventh Circuit had consistently held that lifting restrictions did not constitute an ADA disability by themselves. *See, e.g., Squibb v. Mem'l Med. Ctr.,* 497 F.3d 775, 782 (7th Cir. 2007) (inability to lift twenty-five to thirty pounds not a substantial limitation). Since then, the Seventh Circuit has not articulated at what point a lifting restriction becomes a substantial limitation of a major life activity. However, there is both regulatory guidance and several district decisions that support finding that the weight restrictions imposed on these

5

plaintiffs can constitute a disability. *See* 29 C.F.R. pt. 1630, app. § 1630.2(j)(1)(viii) (2014) ("[S]omeone with an impairment resulting in a 20-pound lifting restriction . . . is substantially limited in the major life activity of lifting); *see also Gatlin v. Vill. of Summit*, 150 F. Supp. 3d 984, 991 (N.D. Ill. Dec. 15, 2015) (Kennelly, J.) (finding that a plaintiff who was restricted from lifting more than twenty pounds had made a showing of disability sufficient to survive summary judgment); *Galvin-Stoeff v. St. John's Hosp. of the Hosp. Sisters of the Third Order of St. Francis*, No. 11-3423, 2014 WL 4056695, at *9 (C.D. Ill. Aug. 15, 2014) (finding that a factual dispute about disability was sufficient to survive a motion for summary judgment where a woman who could not lift more than thirty pounds because of bulging discs); *Dobosz v. Quaker Chem. Corp.*, No. 2:15-CV-203-PRC, 2016 WL 4376528, at *9 (N.D. Ind. Aug. 16, 2016) ("For purposes of this motion [for summary judgment], Dobosz's permanent restriction of lifting no more than thirty pounds constitutes a disability that substantially limits the major life activity of lifting."); *Crain v. Roseville Rehab. & Health Care*, 2017 WL 1075070, at *4 (C.D. Ill. Mar. 21, 2017) (denying summary judgment where the plaintiff had a lifting restriction of 20-35 pounds). Accordingly, this Court finds that a reasonable jury could find Smith, Lloyd, Kaczkowski, and Albright had a disability.

Next, there is substantial dispute between the parties on the issue of whether the defendants reasonably accommodated the plaintiffs' disabilities. The ADA requires an employer to engage in an interactive process with a qualified individual to determine whether a reasonable accommodation will allow him or her to work. *E.E.O.C. v. Sears, Roebuck & Co.*, 417 F.3d 789, 797 (7th Cir. 2005); *Beck v. Univ. of Wis. Bd. of Regents*, 75 F.3d 1130, 1135 (7th Cir.1996). If a reasonable accommodation is available, an employer who does not provide it to an employee with a disability violates the ADA unless it can demonstrate that the accommodation would impose an undue hardship on its business operations. *Beck,* 75 F.3d at 1134.

Here, defendants contend that they reasonably accommodated plaintiffs' disabilities by providing paid medical leave, benefits, and preserving plaintiffs' jobs and seniority. Plaintiffs contend that their benefits ran out prior to their ability to return to work, costing them financially, and that defendants refused to assign them to vacant light duty jobs.

"[T]he ADA does not entitle a disabled employee to the accommodation of his choice." *Swanson v. Vill. of Flossmoor*, 794 F.3d 820, 827 (7th Cir. 2015) (holding that the village's failure to offer a light duty option was not a failure to accommodate employee's disability); *see also Rehling v. City of Chicago*, 207 F.3d 1009, 1014 (7th Cir. 2000); *Gile v. United Airlines, Inc.*, 95 F.3d 492, 499 (7th Cir. 1996); *Baert v. Euclid Beverage, Ltd.*, 149 F.3d 626, 633 (7th Cir. 1998). The law entitles a qualified person with a disability to a *reasonable* accommodation in view of his limitations and his employer's needs. *Swanson*, 794 F.3d at 827. "Accordingly, permitting an employee to use paid leave can constitute a reasonable accommodation." *Id.*

Here, plaintiffs argue that defendants failed to engage in the interactive process by ignoring plaintiffs' repeated requests for light duty assignments. Indeed, Law Enforcement Bureau Chief Angus testified in his deposition that he did not remember speaking with any of the plaintiffs regarding their options for a light duty assignment. Sergeant Grossi testified that, he too, received no response after he forwarded the deputies' requests for light duty to Chief Angus. Defendants assert that the positions that plaintiffs contend were vacant "light duty" positions to which plaintiffs could have been assigned, were actually full-time civilian positions and it would unduly burden defendants to temporarily assign plaintiffs to those positions. However, Corrections Bureau Chief, Shawana Davis, testified that she could have temporarily placed plaintiffs in light duty assignments. Since this Court is not in a position on summary judgment to evaluate the witnesses' credibility, the issue of whether the defendants adequately engaged in an interactive process with plaintiffs is a question for a jury.

Defendants contend, as a matter of law, that they reasonably accommodated plaintiffs through a combination of paid leave and light duty assignments once the positions came available. Defendants rely on *Pearman v. New Albany City Government*, 2016 WL 1700413 (S.D. Ind. Apr. 28, 2016), to support their position. In *Pearman*, the district court granted summary judgment, finding that the plaintiff police officer had failed to establish that vacant light duty assignments existed over the entire time he was disabled. *Id.* at *9. The court reasoned that the accommodation was reasonable because the defendants provided Pearman with a combination of paid leave and disability that allowed him to retain full benefits and fifty percent of his pay in addition to light duty assignments when they were available. *Id.*

The instant case is distinguishable from *Pearman.* Here, plaintiffs have identified positions which they believed were suitable light duty assignments. Defendants dispute that positions in R & D and the warrants division were suitable light duty assignments because they were for civilians and were governed by a separate collective bargaining agreement that restricted deputies in the Law Enforcement Bureau from holding positions in the Corrections Bureau. However, it appears in from the record that there was a light duty policy that did not prohibit employees from working light duty assignments in a different bureau. Moreover, the district court in *Pearman* and the Seventh Circuit in *Swanson* considered paid leave a reasonable accommodation in large part because the plaintiffs in those cases were able to retain their full benefits throughout the duration of their paid leaves. That was not the situation here.

"[D]etermining whether an accommodation is reasonable depends, to a significant extent, upon determining whether the employer has acceded to the disabled employee's request." *Rehling*, 207 F.3d at 1014 (quoting *Feliberty, M.D. v. Kemper Corp.*, 98 F.3d 274, 280 (7th Cir. 1996)). Since the record here demonstrates that there is a factual question as to the DuPage County Sheriff's Office response to plaintiffs' requests for light duty assignments and whether suitable light duty

assignments were available, this Court cannot determine as a matter of law that paid leave, unpaid leave, and partial benefits with eventual assignment to light duty positions constitutes a reasonable accommodation.

**Conclusion**

Genuine issues of fact preclude this Court granting summary judgment to either party. Accordingly, this Court denies plaintiffs' motion for summary judgment on liability [43] and also denies defendants' motion for summary judgment [39].

IT IS SO ORDERED.

Date: June 5, 2017

Entered: _____

SHARON JOHNSON COLEMAN
United States District Judge